**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-1938, City of Columbus v. Kennedy |
| **Originating No. & Caption** | 1:25-cv-2114-BAH, City of Columbus v. Kennedy |
| **Originating Court/Agency** | District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | June 12, 2026 | |
| Date notice of appeal or petition for review filed | July 15, 2026 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | June 15, 2026 | |
| Date order entered disposing of any post-judgment motion | June 16, 2026 | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 25-2012 | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◉ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiffs challenged a rule issued by the Centers for Medicare & Medicaid Services implementing regulatory changes to the operations of health insurance exchanges, 90 Fed. Reg. 27,074 (June 25, 2025). The district court entered a final judgment vacating nine provisions of the final rule. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1. Whether plaintiffs have failed to establish Article III standing.

2. Whether HHS lawfully expanded the permissible range for actuarial values.

3. Whether HHS lawfully required enrollees to comply with a requirement to file tax returns and reconcile actual to projected income to maintain eligibility for advance premium tax credits.

4. Whether HHS lawfully rescinded an automatic 60-day grace period for verifying income-eligibility data.

5. Whether HHS lawfully standardized and shortened the open-enrollment period for Exchanges.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: City of Columbus | Adverse Party: City of Chicago |
| Attorney: Joel McElvain<br>Address: P. O. Box 34553<br>Washington, DC 20043 | Attorney: Joel McElvain<br>Address: |
| E-mail: jmcelvain@democracyforward.org | E-mail: |
| Phone: 202-448-9090 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: Mayor and City Council of Baltimore | Adverse Party: Doctors for America<br>Main Street Alliance |
| Attorney: Joel McElvain<br>Address: | Attorney: Joel McElvain<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Robert F. Kennedy | Name: Mehmet Oz |
| Attorney: Maxwell A. Baldi<br>Address: 950 Pennsylvania Ave NW Room 7513<br>Washington DC United States | Attorney: Maxwell A. Baldi<br>Address: |
| E-mail: maxwell.baldi@usdoj.gov | E-mail: |
| Phone: 202-532-0211 | Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: U.S. Department of Health and Human Services | Name: Center for Medicaid & Medicare Services |
| Attorney: Maxwell A. Baldi<br>Address: | Attorney: Maxwell A. Baldi<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** /s/ Maxwell A. Baldi _____     **Date:** _____

**Counsel for:** Appellants _____

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                     Date: