**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

CITY OF COLUMBUS, *et al.*,

        Plaintiffs-Appellees,

    v.

ROBERT F. KENNEDY, JR., *in his official capacity as Secretary of the United States Department of Health and Human Services, et al,*

        Defendants-Appellants.

No. 26-1938

**CONSENT MOTION TO EXPEDITE APPEAL**

The government respectfully moves to expedite this appeal. Plaintiffs consent to the relief sought in this motion.

1. The Affordable Care Act (ACA) established health insurance Exchanges, which allow millions of Americans to purchase individual coverage every year. This litigation concerns a 2025 rule issued by the Department of Health and Human Services (HHS) to effect several technical changes to the regulations for consumers to access and for issuers to offer coverage through the Exchanges. *See* 90 Fed. Reg. 27,074 (June 25, 2025) (Final Rule).

Plaintiffs challenged ten provisions of the Final Rule under the Administrative Procedure Act, and the district court entered a final judgment vacating nine of those provisions. Dkt. 74. The government timely appealed. Dkt. 79.

This case has already been before this Court once. After the district court entered preliminary relief, the government appealed and sought a limited stay pending appeal; this Court denied the motion. *See City of Columbus v. Kennedy*, No. 25-2012, 2025 WL 4948067, at *1 (4th Cir. Sept. 18, 2025). The district court entered final judgment and thus mooted out the interlocutory appeal before this Court could resolve it.

3. By statute, courts "shall expedite the consideration of . . . any action" for "good cause." 28 U.S.C. § 1657(a). Good cause exists to expedite this appeal for two reasons.

First, a decision is needed by December 31, 2026, to avoid potential mootness. Several provisions of the Final Rule are slated to expire at the end of 2026 including at least one provision that will be the subject of this appeal.[1] If this time-limited policy expires on its own terms during the pendency of

---

[1] *See* 90 Fed. Reg. at 27,221 (failure-to-file-and-reconcile policy limited to plan year 2026); *see also* Docketing Statement 3 (July 22, 2026).

this appeal, mootness concerns might be raised. *See, e.g.*, *Kramer v. Mosbacher*, 878 F.2d 134, 136 (4th Cir. 1989) (challenge to expired fishing quota not moot because capable of repetition yet evading review). By expediting this appeal, this Court can protect its own jurisdiction to render a decision.

Second, the parties and the district court would benefit from this Court's resolution of key legal questions to aid in ongoing litigation and future regulation. HHS has already issued another set of regulations to govern ACA Exchanges. *See* 91 Fed. Reg. 29,526 (May 20, 2026). And plaintiffs in this litigation have also already sued to challenge various provisions of that 2026 rule and obtained preliminary relief against several of them. *See City of Columbus v. Kennedy*, No. 1:26-cv-2215, 2026 WL 2058183 (D. Md. July 16, 2026). The validity of some of the challenged provisions of the new rule may turn on issues that will be presented in this appeal. *See id.* at *13-14 (staying effective date of new failure-to-file-and-reconcile policy). It would benefit the parties and the district court for this Court to interpret the scope of HHS's regulatory authority. Moreover, HHS will continue issuing annual payment notices to govern Exchanges, and this Court's guidance would give the agency and regulated parties alike more certainty for future

regulations. If this Court issues a decision before HHS proposes its next rule in early 2027, HHS can maximally benefit from that guidance.

4. Accordingly, the government proposes the following schedule to govern proceedings in this appeal:

- Opening brief due                     July 29, 2026
- Joint appendix due                    July 29, 2026
- Response brief due                    Sept. 1, 2026
- Reply brief due                       Sept. 18, 2026
- Oral argument                         Oct. 27–30, 2026 sitting

The government also respectfully requests that the Court issue a decision in this appeal by December 31, 2026.

5. We have consulted with Joel McElvain, counsel for plaintiffs, who stated that plaintiffs consent to the relief sought in this motion.

## CONCLUSION

This Court should grant the motion, enter the proposed briefing schedule, set this case for argument in its October sitting, and issue a decision before the end of the calendar year.

Respectfully submitted,

CHARLES W. SCARBOROUGH

/s/ *Maxwell A. Baldi*

MAXWELL A. BALDI
   Attorneys, Appellate Staff
   Civil Division, Room 7513
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530
   (202) 532-0211
   maxwell.baldi@usdoj.gov

JULY 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 648 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century BT 14-point font, a proportionally spaced typeface.

/s/ *Maxwell A. Baldi*
MAXWELL A. BALDI